IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Elgene Luzon De-Amor, | ) | CIVIL NO. 19-00128 SOM-RLP |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING COMPLAINT;** |
| | ) | **ORDER DENYING AS MOOT** |
| vs. | ) | **APPLICATION TO PROCEED IN** |
| | ) | **FORMA PAUPERIS** |
| Buenaventura C. Cabalan, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT
APPLICATION TO PROCEED IN FORMA PAUPERIS**

On March 13, 2019, Plaintiff Elgene Luzon De-Amor,

proceeding *pro se*, filed a Complaint in this matter along with

an Application to Proceed in District Court Without Prepaying

Fees and Costs ("IFP Application"). *See* ECF Nos. 1 & 2.

To proceed *in forma pauperis*, De-Amor must demonstrate

that she is unable to prepay the court fees, and that she

sufficiently pleads claims.[1] *See Lopez v. Smith*, 203 F.3d 1122,

1129 (9th Cir. 2000). Even if De-Amor could demonstrate that she

cannot afford to prepay the costs of initiating this action,

_____

[1] The court notes that it is not clear that De-Amor is indeed a pauper. *See* January 2019 Poverty Guidelines for Hawaii, https://aspe.hhs.gov/poverty-guidelines (last visited March 6, 2018) (setting poverty guideline for one person in Hawaii at $14,380). De-Amor says she receives $1,750 per month, or $21,000 per year. While the court understands the difficulty of making ends meet in Hawaii on such a salary, it appears that De-Amor exceeds the poverty guideline for Hawaii.

this court may dismiss her Complaint at the outset if it appears from the facts alleged that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). De-Amor's Complaint fails to state a claim on which the court can grant relief. While De-Amor refers to many Defendants, there is no factual detail alleged with respect to what each may have done. The Complaint is therefore dismissed, and the IFP Application is denied as moot.

The Complaint's allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss, as they are nothing more than rambling, conclusory statements unsupported by coherent factual detail. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation"). This court cannot tell what claims De-Amor is asserting or who allegedly harmed her. For example, she refers to an industrial injury back in 2003. But this court cannot discern whether any Defendant could be said to be responsible for her injury or

whether there might be a statute of limitations barring a claim based on that injury.

De-Amor also refers to her deceased husband as a Defendant. But the court cannot tell whether she is complaining that he showed a lack of kindness or whether attorneys were not kind to her when her husband died. In any event, this court cannot even discern the claim she might be asserting with respect to kindness.

De-Amor might be complaining that a care-home operator stole her bags. She also might be complaining about the quality of computers that this court provides to the public. But such claims, if asserted, are hard to decipher.

Because De-Amor fails to allege any viable claim over which this court has subject matter jurisdiction, this court dismisses her complaint, but grants her leave to file an Amended Complaint no later than April 12, 2019. This document must be complete in itself; it may not incorporate by reference anything previously filed with this court. The court provides some guidance to De-Amor should she decide to file an Amended Complaint.

First, De-Amor should attempt to write as legibly as possible. If this court cannot read De-Amor's writing, important information may be missed.

Second, De-Amor should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant.  In other words, De-Amor should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.

Third, De-Amor should also consider whether the federal courts are the proper forum for her claims, as federal courts have limited subject matter jurisdiction.  For example, for this court to adjudicate a claim, there must either be diversity of citizenship plus more than $75,000 in controversy, or a federal claim asserted.  *See* 28 U.S.C. §§ 1331-32.  If De-Amor seeks to assert claims over which this court lacks subject matter jurisdiction, De-Amor may consider whether to assert her claims in state court.

Fourth, although De-Amor purports to bring claims on behalf of her children and siblings, she does not appear to be an attorney who may represent those people in this matter.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to

him. . . . He has no authority to appear as an attorney for
others than himself." (citation omitted)).

Finally, should De-Amor fail to timely file an Amended
Complaint by April 12, 2019, the Clerk of Court is directed to
automatically close this case.

If De-Amor timely files an Amended Complaint, that
document should be accompanied by either payment of the filing
fee of $400, or a new IFP application that more clearly
establishes her pauper status.

The Clerk of Court is directed to send to De-Amor this
order, along with two copies of the court's form § 1983
complaint plus a new copy of the IFP Application form.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 13, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*De-Amor v. Cabalan, et al.*, Civ. No. 19-00128 SOM-RLP; ORDER DISMISSING
COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS

5