IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ELGENE LUZON DE-AMOR, | ) | CIVIL NO. 19-00128 SOM-RLP |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER DISMISSING AMENDED** |
| vs. | ) | **COMPLAINT AND DENYING AS MOOT** |
| | ) | **APPLICATION TO PROCEED IN** |
| BUENAVENTURA C. CABALAN, ET AL., | ) | **FORMA PAUPERIS** |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND DENYING AS MOOT
APPLICATION TO PROCEED IN FORMA PAUPERIS**

On March 13, 2019, Plaintiff Elgene Luzon De-Amor, proceeding *pro se*, filed a Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"). *See* ECF Nos. 1 & 2. This court dismissed the original Complaint and denied as moot the IFP Application. De-Amor was given leave to file an Amended Complaint. *See* ECF No. 5.

On March 19, 2019, De-Amor filed an Amended Complaint along with a second IFP Application. *See* ECF Nos. 6 & 7. On March 27, 2019, De-Amor filed two other documents that appear to be intended to supplement her Amended Complaint. *See* ECF Nos. 8 & 9.

To proceed *in forma pauperis*, De-Amor must demonstrate that she is unable to prepay the court fees and that she sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Even if De-Amor could demonstrate that she cannot afford to prepay the costs of initiating this action, this court may dismiss her Amended Complaint at the outset if it appears from the facts alleged that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

De-Amor's Amended Complaint fails to state a claim on which the court can grant relief. While De-Amor refers to many Defendants, there is no factual detail alleged with respect to what each may have done. The Amended Complaint is therefore dismissed, and the second IFP Application is denied as moot. The Amended Complaint's allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss. Not only are they often illegible, what can be read consists of rambling, conclusory statements unsupported by coherent factual detail. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation").

This court has attempted to decipher De-Amor's handwriting, but still cannot tell what claims De-Amor might be asserting or who allegedly harmed her by doing what. For example, De-Amor alleges:

> Please all Rebuke and remove abolish all.
> demolish all they did against us--these all
> Lists Defendants. It is their own crimed
> Crime owned--bad credit they owned. It is
> their own Law crimed Crime murderer
> Inflictions against us. EL and 2 children
> and my Family Sisters & brother Agrifino.
> We've been sick body-head-dangered harmed
> and damaged. Physical nature. The are all
> badevil unhuman Spirit[] and anemic,
> insomnia, long term head sores, hair white,
> ie legs broken

ECF No. 6, PageID # 49 (quotation marks omitted).

De-Amor later states:

> Too much invasion dangerous Acts. harmful
> Slasher Acts--I no reason doing this to
> us/me. Also bad spyer out earth & image
> crime nature. ?!why?! to much obstructions
> and Inflictions Radiations harmful to True
> human like me/us all. Why this??? They
> are creating Domestic Violence here and
> other place! US Police and Security in here
> Ignore these man Griff . . .

ECF No. 8, PageID # 135 (quotation marks and emphasis omitted).

Because De-Amor fails to allege any viable claim over which this court has subject matter jurisdiction, this court

dismisses her Amended Complaint, but grants her leave to file a Second Amended Complaint no later than April 30, 2019. This document must be complete in itself; it may not incorporate by reference anything previously filed with this court. The court provides some guidance to De-Amor should she decide to file a Second Amended Complaint.

First, De-Amor should attempt to write as legibly as possible. This court cannot easily decipher De-Amor's cursive handwriting and encourages her to write in print.

Second, De-Amor should not write in the margins, as that makes it even harder to determine what she is alleging. If De-Amor uses the court form but needs more space, she may say, "*See* Attachment 1" and then may label a separate sheet of paper as "Attachment 1" and continue her writing on "Attachment 1." Then, if she comes to a later part of the court form where she again needs more space, she may say, "*See* Attachment 2" and may label yet another separate sheet of paper as "Attachment 2" and continue her explanation on "Attachment 2," and so on.

Third, while De-Amor may use a court form, she is not required to do so. Rule 8(a)(2) of the Federal Rules of Civil Procedure only requires "a short and plan statement of the claim showing that the pleader is entitled to relief." This means that De-Amor should state in simple language what each Defendant

4

allegedly did and what statute, law, or duty was supposedly breached by the Defendant.  In other words, De-Amor should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.

Fourth, De-Amor should consider whether the federal courts are the proper forum for her claims, as federal courts have limited subject matter jurisdiction.  For example, for this court to adjudicate a claim, there must either be diversity of citizenship plus more than $75,000 in controversy, or a federal claim asserted.  *See* 28 U.S.C. §§ 1331-32.  If De-Amor seeks to assert claims over which this court lacks subject matter jurisdiction, De-Amor may consider whether to assert her claims in state court.

Fifth, although De-Amor purports to bring claims on behalf of her children and siblings, she does not appear to be an attorney who may represent those people in this matter.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to

him. . . . He has no authority to appear as an attorney for others than himself." (citation omitted)).

Finally, if English is De-Amor's second language, the court encourages her to ask a native speaker to help her to write out her allegations.

Should De-Amor fail to timely file a Second Amended Complaint by April 30, 2019, the Clerk of Court is directed to automatically close this case.

If the court dismisses the Second Amended Complaint and it appears that it would be futile to grant De-Amor leave to file a Third Amended Complaint, this court will close this action.

If De-Amor timely files a Second Amended Complaint, that document should be accompanied by either payment of the filing fee of $400, or a new IFP application that more clearly establishes her pauper status.

The Clerk of Court is directed to send to De-Amor this order, along with two copies of the court's form § 1983 complaint plus a new copy of the IFP Application form.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 2, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*De-Amor v. Cabalan, et al.*, Civ. No. 19-00128 SOM-RLP; ORDER DISMISSING AMENDED COMPLAINT AND DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS